UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  METROPOLITAN STEEL | : | Case No. 16-15510REF |
| INDUSTRIES, INC., | : | Chapter 7 |
| Debtor | : | |

# STATEMENT SUPPORTING SALE ORDER DATED SEPTEMBER 30, 2016

AND NOW, this 24 day of October, 2016, upon the filing by the Chapter 7 Trustee of his motion to approve a sale of substantially all of Debtor's assets, and upon a time-sensitive hearing on the motion to approve the sale on Friday, September 30, 2016, and upon the U.S. Bankruptcy Court, along with all co-tenants in this building, experiencing a total blackout/outage of electricity that prevented the hearing from taking place anywhere in the building housing the Bankruptcy Courthouse, and upon the gracious permission granted, and the tremendous support exhibited, by the Berks County Court of Common Pleas in allowing this Court to move the sale hearing from this building to the Berks County Courthouse to use one of its courtrooms and to provide a court reporter for us to conduct the hearing, and upon my holding the hearing in a timely manner on September 30, 2016, and upon the only resource of the state court reporter being a hand-operated, shorthand transcription machine for keeping a record of the

proceeding (perhaps with a back-up cassette tape recording – nobody questioned the court reporter about her transcription equipment and abilities), and upon my total reliance on the colloquy and discussion (in which I expressed my views of the facts and the law) with counsel at the hearing and my statements made in open Court during the hearing serving as the basis of my decision, and upon the parties having narrowed their disagreement to the sole issue of the force and effect of the release contained in the purchase agreement, and upon my using substantially all of the proposed order granting the motion to sell with two exceptions, and upon exception number one being to add to the background of the Order the clause, "and upon the discussion and colloquy in the hearing today," and upon exception number two being to change Paragraph 6 of the Order <u>from the following</u>:

> 6. Transfer of the Transferred Assets will not subject East Coast to any liability for claims against the Trustee, the Debtor or the Debtor's predecessors, officers, directors shareholders or affiliates of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor, vicarious or transferee liability, except those liabilities expressly assumed by East Coast pursuant to the East Coast Asset Purchase Agreement (the "Assumed Liabilities"). Without limiting the general nature of the foregoing, the transfer of the Transferred Assets will not subject East Coast to any liability on account of any employee benefit maintained by the Trustee or the Debtor, including any PBGC Claims, or (ii) [sic] to any plan participant, beneficiary or any third party

<u>to the following</u>:

> 6. **Neither the t**T~~ransfer of the Transferred Assets **nor operation of the Transferred Assets after closing** will ~~not~~ subject East Coast to any liability for claims against the Trustee, the Debtor or the Debtor's predecessors, officers, directors shareholders or affiliates of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor, vicarious or transferee liability, except those liabilities expressly assumed by East Coast pursuant to the East Coast Asset Purchase Agreement (the "Assumed Liabilities"). Without limiting the general nature of the foregoing, the transfer of the Transferred Assets will not subject East Coast to any liability on account of any employee benefit maintained by the Trustee or the Debtor, including any PBGC Claims, or (ii) [sic] to any plan participant, beneficiary or any third party.[1]

and upon no party having asked the state court reporter for a transcription of the September 30 hearing, and upon a notice of appeal having been filed on October 10, 2016, by Iron Workers Local 40, 361, & 417 Union Security Funds and Iron Workers Local 580 (together, the "Unions"), and upon my having been diagnosed with pneumonia for most of the past three weeks, I have been unable to write a statement or opinion or other writing supporting my September 30, 2016 Order pursuant to L.B.R. 8001-1 (b) (Bankr. E.D. Pa.),[2] which allows me to file support for the Order within 14 days after the filing of the notice of appeal, and therefore I rely wholly on the colloquy and discussion with counsel and the oral statements of the facts and law that I made at the September 30 hearing in opposition to the Unions' appeal,

---

[1]  The **bold** text was added and the ~~stricken~~ text was deleted.
[2]  Rule 8001(b) is derived from L.A.R. 3.1 of the Third Circuit's Local Rules.

THEREFORE, my September 30, 2016, Order (1) approving the Chapter 7 Trustee's asset purchase agreement, (2) authorizing the Trustee to sell Debtor's assets, and (3) granting related relief as set forth in the asset purchase agreement was issued on the basis of and relying upon the colloquy, discussion, and statements of the facts and laws that I announced in open Court on September 30, 2016.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge